The Honorable Railey A. Steele State Representative Rt. 3, Box 52A Gentry, AR 72734-9305
Dear Representative Steele:
This is in response to your request for an opinion regarding an expansion of the Beaver Lake Water Treatment Plant in Benton County, Arkansas. You state that the owner, Beaver Lake District, is a quasi-government entity formed under Arkansas law. Your specific question is whether the contractor on the expansion work is obligated by Arkansas statute to offer employment on the job to qualified Arkansas residents first, and if so, who has the responsibility of enforcement.
Our research has revealed one potentially applicable statute in this regard. Assuming that the water district is a "political subdivision" of the state, consideration must be given to A.C.A. § 22-9-102, which states in pertinent part that:
 [e]very contractor, superintendent or duly authorized agent engaged in the construction of any state or public building or public works, including highways, for the State of Arkansas or any of its political subdivisions, but excluding federal flood control and navigation projects and those receiving relief or work relief wages paid for in whole or in part from monies derived from taxation, shall employ only mechanics or laborers who are citizens of the State of Arkansas and who furnish proof of one (1) year's residence in the state.
A.C.A. § 22-9-102(a).
You have not indicated the precise statutory authority under which this water district was formed. If it was formed as an improvement district, pursuant to statutory authority, it in all likelihood constitutes a "political subdivision," for purposes of § 22-9-102.[1]
With regard to enforcement of the statute, a fine is imposed of not more than one hundred dollars or up to sixty days' imprisonment. A.C.A. § 22-9-102(e). It thus appears that enforcement would be in the hands of the prosecuting authority.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] You have not questioned the enforceability of this provision. This opinion does not address, therefore, any constitutional issues raised by the requirements of § 22-9-102. There are, according to our research, no reported Arkansas decisions specifically addressing the enforceability of this Code section. An illustrative review of state and federal cases from other jurisdictions addressing the validity of state statutes requiring the employment of residents on public works projects may be found at 36 A.L.R.4th 941 (1985).